[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12073

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 18, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00186-CV-JTC-1

MUNICIPAL GAS AUTHORITY OF GEORGIA,

Plaintiff-Appellee,

versus

TETON FUELS MID-GEORGIA, LLC,
EI FUELS CORP.,
MID-GEORGIA COGEN, L.P.,
THE BANK OF NOVA SCOTIA,
CAITHNESS TETON OPERATIING SERVICES, LLC,
AQUILA FUELS MID-GEORGIA, INC.,
CAITHNESS OPERATING CO., LLC,
CAITHNESS ENERGY,

Defendants-Appellants,

TETON SERVICES, LLC,

Defendant.

Appeal from the United States District Court
for the Northern District of Georgia

———————————————

**(December 18, 2008)**

Before WILSON and COX, Circuit Judges, and ALBRITTON,[*] District Judge.

PER CURIAM:

Teton Fuels Mid-Georgia, LLC ("Teton") appeals the district court's grant of summary judgment on behalf of the Municipal Gas Authority of Georgia ("MGAG").

Teton contracted with MGAG for its natural gas supply. The district court granted MGAG summary judgment on its contract interpretation claim, concluding that only quantities or volumes of gas requested prior to the 4:15 deadline set forth in the second paragraph of the Dispatch Procedures qualify as nominations of gas. *Mun. Gas Auth. of Ga. v. Teton Fuels Mid-Georgia, LLC*, No. 1:06-CV-186-JTC (N.D. Ga. Mar. 26, 2008) (order granting summary judgment on the intra-day issue). We review a district court's grant of summary judgment *de novo*. *Mangieri v. DCH Healthcare Auth.*, 304 F.3d 1072, 1075 (11th Cir. 2002). We

---

[*]Honorable W. Harold Albritton, III, United States District Judge for the Middle District of Alabama, sitting by designation.

review a district court's interpretation of a contract de novo. *Daewoo Motor Am., Inc. v. Gen. Motors Corp.*, 459 F.3d 1249, 1256 (11th Cir. 2006).

Upon review of the record and the parties' briefs, and with the benefit of oral argument, we conclude that the district court correctly interpreted the contract. "It is well established that a court should avoid an interpretation of a contract which renders portions of the language of the contract meaningless." *Bd. of Regents v. A. B. & E., Inc.*, 357 S.E.2d 100, 103 (Ga. Ct. App. 1987). Here, the interpretation urged by Teton reads Section 3.2's nomination language out of the contract. Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRM.**